# TENNETT-STRIPPLING SHOE COMPANY, Appellant, v. W. M. MAGILL, Respondent.

### Kansas City Court of Appeals, January 20, 1902.

Attachment: SHERIFF TURNING OVER PROCEEDS OF SALE TO SUCCESSOR: NOTICE: RECEIVER: STATUTE.  Under the statute, a sheriff who has sold the attached goods may, under order of the judge in vacation, turn over the money to his successor in office and a second attaching creditor is not entitled to notice of the application for such order, and the provisions of the statute relating to the appointment of a receiver and the sheriff acting as receiver, etc., have no application to such proceeding.

Tennett-Strippling Shoe Co. v. Magill.

Appeal from Dallas Circuit Court.—*Hon. Argus Cox,* Judge.

AFFIRMED.

*Nixon & Moore* for appellant.

(1) Magill became receiver. R. S. 1899, sec. 399, p. 210. (2) Proceeds of attachments were trust bonds. McDonald & Co. v. Meek & Atterbury, 57 Mo. App. 254. (3) Attachment prior to plaintiff's dissolved. State ex rel. v. Hockaday, 132 Mo. 227; Strauss v. Ayers, 87 Mo. 349. (4) Plaintiff could only look to proceeds of sale. Young v. Kellar, 94 Mo. 581. (5) Present proceeding a proper one. State ex rel. v. Finn, 98 Mo. 532. (6) Order was not process of law. This order was entirely ex parte and without notice to plaintiff whose rights were affected, made at chambers many miles from where proceedings were pending, with absolutely no record in circuit court. George v. Middough, 62 Mo. 549; Ray Co. v. Barr, 57 Mo. 290. (7) The judge had no jurisdiction to make order. Secs. 395 and 398, R. S. 1899, p. 210; Linck v. Troll, 84 Mo. App. 49.

*John S. Haymes* for respondent.

(1) Relative to the sale of attached perishable property under the order of the court or judge having jurisdiction of the cause wherein the property has been attached, see section 393, Revised Statutes 1899. (2) Jurisdiction existing, the order of Judge Wallace, if fair on its face, protects Magill, although it may have been improperly, or even illegally made. Respondent was not required to look beyond its face. Howard v. Clark, 43 Mo. 344; Peery v. Gill, 36 Mo. App. 685; Merchant v. Bothwell, 60 Mo. App. 341; Wooldridge v. Rentschler, 62 Mo. App. 591; Mayor v. Opel, 49 Mo. 190; Railroad v. Dulle, 48 Mo. 282; Patten v. Weightman, 51 Mo. 432; Railroad v. Lowden, 138

Mo. 536. (3) But in this case it might well be found that notice was given, if required, of the making of the order under which Magill acted, since plaintiff, the logical party to receive it, made no denial of its receipt, and the presumption being that the judge who made it did his whole duty and acted only after every antecedent legal requirement had been fully met. Burton v. Sweaney, 4 Mo. 1; State ex rel. v. Wayne Co., 98 Mo. 362; Blodgett v. Perry, 97 Mo. 263; Rutherford v. Hamilton, 97 Mo. 543; Addis v. Graham, 88 Mo. 197; Long v. Joplin M. & S. Co., 68 Mo. 422.

ELLISON, J.—Plaintiffs were second attachment creditors in a suit against one Kelly, and they had the same goods attached which were already levied upon in a prior suit against Kelly. The court, on the application of both these attaching creditors, ordered the defendant, who was then the sheriff of the county and who levied the attachments, to sell the property as perishable. The property was thereupon duly sold, realizing seven hundred and ten dollars and thirty cents, which money the defendant, as sheriff, held in lieu of the property. Afterwards, Finley and Miller filed their interplea in the first attachment. The interplea was successful and the attached property was adjudged to be the property of interpleaders and not Kelley's. Afterwards, plaintiff's attachment suit came on for trial and their attachment was sustained and they had judgment against Kelly for their debt. In the meantime, however, the defendant's term as sheriff expired and his successor was William Booth. The judge of the circuit court, in vacation, then made and wrote out an order to this defendant that he turn over the money, realized from a sale of the goods aforesaid, to Booth as his successor in office and the defendant did as ordered, taking Booth's receipt. This action is against the defendant on the ground that as second separate attaching creditors they were not bound by the judgment for interpleader on their interplea in the suit of the other cred-

itors. That therefore the money was subject to their attachment duly levied as aforesaid. And that this defendant with the money in his possession was not justified in paying it over to his successor in office as; according to plaintiff's view, the order of the judge in vacation was a void order, he having no authority to make it. The trial court rendered judgment for defendant.

The judgment is unquestionably for the right party. The statute empowers the court, or the judge in vacation, to order the sheriff to sell perishable attached property. Sec. 392, R. S. 1899. The statute then directs the sheriff to obey such order and make return thereof, "and the proceeds of such sale shall be paid into court, or otherwise disposed of as the court or judge may order." Sec. 393. Here, then, is full authority for the judge to make the order to defendant to pay over the money which he was holding as sheriff, to his successor. But plaintiff's contention here embraces the point that even though the judge had the authority to make the order, he had no such power without plaintiff's having notice of the proceeding. We do not agree with plaintiff. The order was an order in the course of a proceeding already in court and was a part thereof. It was a matter relating merely to the custody of the fund which the statute gave the judge power to control. Plaintiff was not entitled to any special notice.

Plaintiff's claim seems to be based on the idea that the defendant, as sheriff, was a receiver, and that such office of receiver was a matter apart from the sheriffcy. The statute in several sections following those just cited, does empower the court to appoint receivers in attachment cases who are to give bond and perform various duties in the collection of assets of the debtor, etc. But that statute has nothing to do with this case and has no application. It is true that section 399 provides that until a receiver is appointed in cases requiring one, the sheriff shall exercise the powers of a receiver and

may bring suits, etc. It is clear, however, that such statute does not apply to the question in hand.

The judgment will be affirmed. All concur.